37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 BOECON CORPORATION, Plaintiff-Appellant,
v.
CATALYTIC, INC. and the Ralph M. Parsons Company, Defendant-Appellee.
 No. 93-35548.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Oct. 12, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges and REAL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 BOECON CORPORATION (BOECON) in its appeal to this court claims error by the District Court in dismissing its claim for fraud and prejudgment interest and holding that BOECON'S execution of a conditional release precluded an award of damages. BOECON also appeals the District Court's confirmation of a special master's ruling granting the "Special Coatings" claim of appellee Catalytic, Inc. (CATALYTIC).
 
 
 4
 Because this appeal deals with the application of contract claims Inland Empire Builders, 191 Ct.Cl. 742, 424 F.2d 1370 (1970). There was no error in the rulings on this issue.
 
 
 5
 Finally BOECON claims prejudgment interest should have been allowed by the District Court. The District Court applied the general rule that the federal government is not required to pay interest to its contractors except when there is an unambiguous statutory contractual provision waiving sovereign immunity. The Contracts Disputes Act (CDA) is one such statutory waiver. Since the parties did not invoke the CDA the District Court held that sovereign immunity had not been waived and therefore BOECON was not entitled to prejudgment interest. We disagree.
 
 
 6
 Liberalization of federal interest law in procurement contracts has been developing in the last 20 years to a point where the now generally accepted principle of the federal substantive law on interest is that a contractor with the government (here CATALYTIC is the government) is entitled to prejudgment interest. See Havens Steel Company v. Randolph Engineering Company, 613 F.Supp. 514 (W.D.Mo.1985) and Maryland Port Administration v. C.J. Langenfelder & Son, Inc., 438 A.2d 1374 (Md.App.1982). At any rate, the interest provision in the CDA is part of federal substantive law. There is no reason to exclude that substantive provision from the law, simply because the parties did not invoke CDA procedures. In fact, the parties could not invoke those procedures because the procedures were only available between government and its contractors--they are not available between contractors and their subcontractors. See 41 U.S.C. Secs. 601-11 terms to what are basically undisputed facts the review of the dismissal of BOECON'S fraud claim, BOECON'S entitlement of prejudgment interest and the interpretation of CATALYTIC'S special coating claim are reviewed de novo. BOECON'S appeal includes a clearly erroneous concern for the findings of fact made on the special coatings claim of CATALYTIC.
 
 
 7
 The Department of Energy (DOE) contracted for the construction of a nuclear fuel processing plant at the National Engineering Laboratory in Idaho. Because of the high national defense procurement rating given to the project DOE chose to use the "fast track" method. That meant dividing the construction into phases so that when the design of the first phase is complete a contract for that phase can be let before the design is complete for the entire project. As design for each succeeding phase is complete a contract is let for that particular completed design.
 
 
 8
 Inherent in the fast track contract procedure is the risk, that contractors on overlapping phases will interfere with each other, that work may proceed before the design compatibility can be determined and most importantly that many changes may be required to make the succeeding designs compatible with the completed work.
 
 
 9
 DOE retained appellees RALPH M. PARSONS COMPANY (PARSONS) and CATALYTIC to design the project and supervise construction. Each construction phase was contracted to various entities by CATALYTIC after completion of the design by PARSONS. BOECON was the contractor chosen for the third phase of construction, which was generally referred to as the "superstructure."
 
 
 10
 At a pre-bid meeting, bidders were advised that completion of the work would be on a "very tight schedule" in compliance with the plans and specifications. Bidders were also aware at this meeting that the contract would contain a standard changes clause permitting changes in the work to be made by CATALYTIC. It is here that BOECON and CATALYTIC part company on the dismissal of BOECON'S fraud claim.
 
 
 11
 BOECON claims that both PARSONS and CATALYTIC knew that the plans the bidders were to consider were not yet complete even though they so represented. The contract was executed on May 29, 1980 and on the next day CATALYTIC delivered to BOECON 42 revised drawings and one new drawing. BOECON claims that if it had known that this would happen it would not have bid the work.
 
 
 12
 The District Court ruled on dismissal of BOECON'S fraud claim that the standard changes clause in the contract precluded a cause of action for fraudulent misrepresentation and concealment of a defective and incomplete design. We agree. BOECON was put on notice, not only by the nature of the project but also by the changes clause itself, that it could expect changes for which it would be entitled to adjustment in compensation or extension of time appropriate to the changes in the work. BOECON knew that there would be changes and certainly could not claim fraud if the number of changes was reasonable. The District Court has said the number was reasonable. Thus, the fraud claim is precluded.
 
 
 13
 BOECON claims the Special Master to whom the parties submitted BOECON'S claim for reimbursement of the withhold of monies due BOECON made by CATALYTIC to reimburse CATALYTIC for the amount necessary to apply special coatings on the precast units called for in the contract erred. BOECON submitted the issue of whether the scope of work included special coatings to be supplied by BOECON. The matter went to the Contracting Officer as permitted by the contract. The Contracting Officer decided against BOECON. BOECON did not appeal that decision. Having undertaken deal with its claim administratively through the Contracting Officer BOECON was required to exhaust its administrative remedies. The Special Master's conclusion and the District Court's adoption of the conclusion that BOECON was precluded from presenting the special coatings issue because of the failure to exhaust administrative remedies is not clearly erroneous and is therefore affirmed.
 
 
 14
 At the conclusion of the project BOECON, to receive its final payment, executed a form entitled "Release of Claims." The Special Master concluded that BOECON'S execution of the release precluded any award of damages caused by CATALYTIC'S conduct. The release was, as required by the contract, a release of all claims against CATALYTIC. There could be claims excepted by the release but those exceptions did not include the items for which BOECON claimed reimbursement before the Special Master. The Special Master's interpretation of the release is adequately supported by the record. BOECON claims that the consideration promised for the release was not given and therefore the release is void. BOECON'S contention is this respect is contrary to established law for consideration of the type of release the contract required of all (1987). CATALYTIC was for all practical purposes--the government. The order of the District Court denying prejudgment interest is REVERSED.
 
 
 15
 The judgment is AFFIRMED IN PART and REVERSED IN PART. The matter is remanded to the District Court for entry of judgment consistent with this opinion. Each party to bear its own costs.
 
 
 
 *
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3